257992.1

Milton Springut
Tal S. Benschar
David A. Kalow (of counsel)
Kalow & Springut LLP
488 Madison Avenue
19th floor
New York, New York 10019
(212) 813 1600

Theodore M. Weitz
Halket Weitz, LLP
1214 West Boston Post Road, N277
Mamaroneck, New York 10543
(201) 746 0402

*Attorneys for Plaintiff*
  *Synchronoss Technologies, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SYNCHRONOSS TECHNOLOGIES, INC.** <br> Plaintiff, <br><br> v. <br><br> **ASURION MOBILE APPLICATIONS, INC.**, <br> Defendant. | Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT, CERTIFICATION PURSUANT TO LOCAL RULE 11.2, AND DEMAND FOR JURY TRIAL** |

### THE PARTIES

1.  Plaintiff Synchronoss Technologies, Inc. ("Plaintiff" or "Synchronoss") is a company incorporated under the laws of Delaware having a business address at 750 Route 202 South, Suite 600, Bridgewater, New Jersey 08807.

2. Upon information and belief, defendant Asurion Mobile Applications, Inc. ("Defendant" or "Asurion") is a privately held company incorporated under the laws of Nevada, having a business address at 1400 Fashion Island Blvd., Ste 450, San Mateo, CA 94404.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the patent infringement claims herein have taken place and are still taking place in this judicial district.

5. The Court has personal jurisdiction over Asurion because Asurion is engaged in substantial and not isolated activities within this state, including providing, using, offering for sale, and selling its infringing product CellBackup within this State and judicial district. Due to these infringing activities, Synchronoss has suffered injury in this judicial district. Upon information and belief, Asurion also directly solicits, promotes, and provides its infringing product CellBackup in this State and judicial district through its active websites at *www.asurion.com* and *www.cellbackup.com* , from which consumers can directly access and download the CellBackup product, as well as distributing it under its own name or under private label through several cell phone carriers, including AT&T Mobile, US Cellular and Metro PCS, and through the websites of such carriers.

## SYNCHRONOSS' PATENTS

6. On December 30, 2003, the United States Patent and Trademark Office duly

and legally issued United States Patent No. 6,671,757 (the "'757 Patent"), entitled "Data Transfer and Synchronization System."  Plaintiff is the owner of the '757 Patent by assignment.

7. On March 17, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,505,762 (the "'762 Patent"), entitled "Wireless Telephone Data Backup System."  Plaintiff is the owner of the '762 Patent by assignment.

8. On September 8, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,587,446 (the "'446 Patent"), entitled "Acquisition And Synchronization Of Digital Media To A Personal Information Space." Plaintiff is the owner of the '446 Patent by assignment.

## COUNT I — INFRINGEMENT OF THE '757 PATENT

9. Synchronoss restates and incorporates by reference paragraphs 1 through 8 as if fully stated herein.

10. Defendant has infringed and is still infringing the '757 Patent by making, selling, offering for sale, and using the CellBackup product and other versions of that product sold under private label brands, and Defendant will continue to do so unless enjoined by this court.

11. As a direct and proximate result of Defendant's direct infringement of the '757 Patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

## COUNT II — INFRINGEMENT OF THE '762 PATENT

12. Synchronoss restates and incorporates by reference paragraphs 1 through 11 as if more fully stated herein.

13. Defendant has infringed and is still infringing the '762 Patent by making, selling, offering for sale, and using the CellBackup product and other versions of that product sold under private label brands, and Defendant will continue to do so unless enjoined by this court.

14. As a direct and proximate result of Defendant's direct infringement of the '762 Patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

## COUNT III — INFRINGEMENT OF THE '446 PATENT

15. Synchronoss restates and incorporates by reference paragraphs 1 through 14 as if more fully stated herein.

16. Defendant has infringed and is still infringing the '446 Patent by making, selling, offering for sale, and using the CellBackup product and other versions of that product sold under private label brands, and Defendant will continue to do so unless enjoined by this court.

17. As a direct and proximate result of Defendant's direct infringement of the '446 Patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

**WHEREFORE,** Plaintiff demands:

(a) judgment that Defendant has infringed each of the asserted patents;

(b) permanent injunctive relief prohibiting further infringement of the asserted patents;

(c) damages for Defendant's infringement;

(d) prejudgment interest on the damages;

(e) costs for this lawsuit; and

(f) any other relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues triable to the jury.

Dated this 4th day of October, 2011.

<u>s/ Milton Springut</u>
Milton Springut
ms@creativity-law.com
Kalow & Springut LLP
488 Madison Avenue
19th floor
New York, New York 10019
(212) 813 1600

Theodore M. Weitz
Halket Weitz, LLP
1214 West Boston Post Road, N277
Mamaroneck, New York 10543
(201) 746 0402

*Attorneys for Plaintiff*
*Synchronoss Technologies Inc.*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

Dated this 4th day of October, 2011.

>s/ Milton Springut
>Milton Springut
>ms@creativity-law.com
>Kalow & Springut LLP
>488 Madison Avenue
>19th floor
>New York, New York 10019
>(212) 813 1600
>
>Theodore M. Weitz
>Halket Weitz, LLP
>1214 West Boston Post Road, N277
>Mamaroneck, New York 10543
>(201) 746 0402
>
>*Attorneys for Plaintiff*
>*Synchronoss Technologies Inc.*