# Exhibit 2

Shailendra Maheshwari
SNR DENTON US LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005
Tel.: 202-408-6400

Joel N. Bock
SNR DENTON US LLP
101 JFK Parkway
Short Hills, NJ 07078
Tel.: 973-912-7100
Fax.: 973-912-7199

*Attorneys for Plaintiff,*
*Synchronoss Technologies, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES INC.<br><br>Plaintiff,<br><br>v.<br><br>ASURION MOBILE APPLICATIONS, INC.,<br><br>Defendant. | Civil Action No. 11-5811(FLW/TJB) |

### DECLARATION OF JOHN C. KOSKI, ESQ.

I, John C. Koski, declare as follows:

1. I am General Counsel for the firm of SNR Denton US LLP in addition to being a partner of the firm and a member of our firm's Ethics Committee. My office is located at 233 South Wacker Drive, Suite 7800, Chicago, Illinois 60606-6404.

2. I frequently speak and write about legal professionalism and ethics, at firm seminars, for corporate law departments, and in professional educational conferences. The

subject matter of this work includes the ethical requirements regarding conflicts of interest and ethical screens. A copy of my biography, which details some of my speaking engagements and professional writings, is attached hereto as Exhibit A.

3. My practice includes the representation of lawyers and law firms. I serve as a Co-Chair of SNR Denton's Lawyers Professional Liability Practice, which advises other law firms, corporate law departments, and lawyers on issues including legal ethics and professionalism. I also am a member of the Association of Professional Responsibility Lawyers.

4. I provide this declaration in opposition to Asurion Mobile Applications, Inc.'s motion to disqualify. I have reviewed, and am familiar with the New Jersey Rules of Professional Conduct.

5. I have reviewed Asurion Mobile Applications, Inc.'s motion to disqualify and have investigated the matter in accordance with the New Jersey Rules of Professional Conduct and have concluded that a conflict does not exist.

6. I have inspected the firm's business records, which confirm that our firm has never represented Asurion Mobile Applications, Inc., the defendant in this case.

7. Our firm's business records confirm that our firm has previously represented Asurion Corporation, but that this relationship has come to an end at the request of Asurion.

8. Any attorney/client relationship that SNR Denton may once have had with Asurion Corporation came to an end when the primary relationship partners left SNR Denton. Any lingering relationship was terminated at the request of Louise Alexander at "New Asurion." By exchange of email correspondence in January of 2012, Ms. Alexander requested that the firm transfer all files to counsel at another firm. We complied with that request in early February 2012.

25503296\V-2

9. I understand that Asurion contends that our firm performed work on a patent application that is related to this matter. I consulted the firm's business records, which indicate that lawyers then at our firm performed work on a matter identified as "Mobile Phone Data Backup System." The firm's billing records show a total of 47.40 hours recorded in this matter. Of those hours, former partner Tarek Fahmi recorded 5.60 hours; former managing associate Amy Embert recorded 5.0 hours; and former associate Nathan elder recorded 33.50 hours. The remaining 3.30 hours were recorded by former paralegal Jennifer Stewart.

10. All of the attorneys who performed work on this matter have left the firm. Former associate Nathan Elder left the firm on February 1, 2008, and former managing associate Amy Embert, former partner Tarek Fahmi, and former paralegal Jennifer Stewart left the firm on March 15, 2012.

11. As such, even assuming the prior work performed was substantially related to the pending matter, I concluded that the applicable conflict rules allow our firm to be adverse to a former client, given that the lawyers involved with the prior engagement had left the firm.

12. My understanding is that the District of New Jersey follows the Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court. D.N.J. Local Civ. Rule 103.1(a). Under N.J. RPC 1.10(b),

> **When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer unless: (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and (2) any lawyer remaining in the firm has information protected by RPC 1.6 and RPC 1.9(b) that is material to the matter.**

Given these facts, there appears no impediment to our firm's ability to represent Synchronoss Technologies, Inc. in the above matter.

25503296\V-2

13. As such, based on my investigation and understanding of the applicable ethical rules, because no attorney remaining in the firm has information protected by RPC 1.6 and RPC 1.9(b) that is material to this matter, I do not believe there is any ethical impediment for our firm to proceed in this matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 7, 2012 in Chicago, Illinois, USA.

_____
John C. Koski

# SNR DENTON

## John C. Koski

**Partner**
**Chicago**



Chicago
+1 312 876 3161
john.koski@snrdenton.com

John Koski is the Global Chief Legal Officer for SNR Denton, Chair of SNR Denton's Global Risk Management Committee, and General Counsel and Secretary of SNR Denton US LLP.

John also co-heads the firm's Lawyers Professional Liability Litigation practice, which counsels law firms, corporate law departments, and attorneys on a wide variety of legal and ethical issues. He has substantial experience in risk management, ethics compliance, partnership and fiduciary duty law, employment matters, and insurance issues. He is a member of the Association of Professional Responsibility Lawyers and the American Bar Association's Center for Professional Responsibility, and speaks frequently on legal ethics, risk management, and professionalism matters.

John's practice is otherwise devoted to complex litigation. He has substantial experience in franchising and distribution, class actions, intellectual property, and media/libel. Selected representations include: dismissal of a nationwide consumer fraud class action filed against a large quick-service restaurant; successful settlement of multiple overlapping class actions against a nationwide cable television retailer; trial victory in a trademark infringement matter brought by an intercollegiate sporting conference;and creative midtrial settlement reached in the defense of a defamation action brought against an international environmental nonprofit organization.

Back in the day, John was named one of the "40 Illinois Attorneys Under 40 to Watch" by the Law Bulletin Publishing Company.

John received his J.D., *cum laude*, Order of the Coif, from the University of Miami School of Law in 1992, where he was the Senior Articles Editor of the *University of Miami Law Review*. While at Miami, he participated in United States Supreme Court Associate Justice William Brennan's Constitutional Law Seminar. He earned his B.A. in Political Science and Psychology at Vanderbilt University in 1989.

John is President of the Board of Youth Organizations Umbrella, Inc., a positive youth development agency in Evanston, Illinois. Prior to joining the firm, John served as a research consultant to the American Bar Association's Judicial Administration Division/Lawyer's Conference Task Force on the Reduction of Litigation Costs and Delay.

## Selected Speaking Engagements

- "Yours, Mine, and Ours: Law Firm Property Disputes," Aon Law Firm Symposium (New Orleans, October 2012) *(forthcoming)*
- "Ethical Consideration When Dealing with Complex Compliance Issues," Food & Supplements Subcommittee, ABA Litigation Section, (Chicago, June 2012) *(forthcoming)*
- "Movie Lawyer Ethics," PLI's Illinois MCLE Marathon (Chicago, May 2012) *(forthcoming)*
- "Ethics Issues for Inside Counsel: Tough Questions for Great Law Departments," PLI's Illinois MCLE Marathon (Chicago, May 2012) *(forthcoming)*

# SNR DENTON

- "Movie Lawyer Ethics: Reel Lessons from Fake Lawyers," 2012 Legal Forum, Equipment Leasing and Finance Association (Austin, May 2012)
- "When Bad Things Happen to Great Law Departments," SNR Seminar (Los Angeles, January 2012)
- "When Bad Things Happen to Great Law Departments," SNR Seminar (San Francisco, January 2012)
- Internal Law Department Seminar (Wisconsin, January 2012)
- Internal Law Department Seminar (New York, December 2011)
- Internal Law Department Seminar (New York, December 2011)
- "Movie Lawyer Ethics: Corporate Counsel, This Time It's Personal," 2011 Annual Meeting, Association of Corporate Counsel (Denver, October 2011)
- Internal Law Department Seminar (New York, October 2011)
- "When Bad Things Happen to Great Law Departments," SNR Seminar (DC, September 2011)
- Internal Law Department Seminar (Minneapolis, July 2011)
- "When Bad Things Happen to Great Law Departments," SNR Seminar (Kansas City, June 2011)
- "When Bad Things Happen to Great Law Departments," SNR Seminar (Chicago, June 2011)
- "Special Topics in Privileges, Confidences, and Ethics," SNR Seminar (Chicago, June 2011)
- "Ethics in Anonymity: The Ethical Traps of Anonymizing Technologies," 24th Annual Media and the Law Seminar (Kansas City, May 2011)
- "Ethics at the Movies," The Chicago Inn of Court (Chicago, April 2011)
- "Movie Lawyer Ethics: Real Lessons from Fake Lawyers" 31st Annual Garrett Corporate and Securities Law Institute (Chicago, April 2011)
- "Spoiler Alert: 50 Years of Movie Lawyer Ethics," Pennsylvania Bar Institute, 17th Annual Health Law Institute (Philadelphia, March 2011)
- "Legal Ethics Know No Borders," Client Seminar (Chicago, October 2010)
- "Movie Lawyer Ethics II," SNR Seminar (DC, October 2010)
- Internal Law Department Seminar (Orange County, August 2010)
- "Movie Lawyer Ethics II," SNR Seminar (St. Louis, June 2010)
- "Movie Lawyer Ethics II," SNR Seminar (Kansas City, June 2010)
- "50 Years of Movie Lawyer Ethics: The Sequel," SNR Seminar (Chicago, June 2010)
- "What We Can Learn from Courtroom Trials in the Movies," Kansas City Metropolitan Bar Association Bench, Bar and Boardroom Conference (Lake of the Ozarks, Missouri, May 2010)
- "A Master Class in Ethics for Inside and Outside Counsel," VIP Legal Seminars (Chicago, May 2010)
- "Popcorn, Movies, and Ethics CLE for In-House Counsel," SNR Seminar (New York, May 2010)
- "Attorney or Consultant: The Fine Line Between Consulting Services and the Unauthorized Practice of Law," Pennsylvania Bar Institute, 16th Annual Health Law Institute (Philadelphia, March 2010)
- "A Master Class in Ethics for Inside and Outside Counsel," VIP Global Net (Webinar, January 2010)
- "CLE for Inside Counsel: Ethics Lessons from Hollywood to the Real World," Asian American Bar Association of New York (New York, January 2010)
- "Ethical Settlements & Negotiations," HB Litigation Conferences (Teleconference, December 2009)
- "Advanced Privilege and Ethics," SNR Seminar (Chicago, November 2009)
- "Major Revisions to Illinois' Attorney Ethics Rules," Law Seminars Int'l (Telebriefing, October 2009).
- "Ethics by Movie: The Sequel to Trial by Movie," Tarrant County Bar Ass'n (Ft. Worth, September 2009).
- "A Master Class in Ethics for Inside and Outside Counsel," VIP Global Net (Webinar, September 2009)
- "Relative Responsibilities: Legal Ethics in Motion," Society for Trusts and Estates Practitioners' International Estate Planning Institute (Chicago, June 2009)
- "The Lawyer's Role in Advising Franchisors: When It Too Much, Too Much?" International Franchise Association 42nd Annual Legal Symposium (DC, May 2009)
- "Legal Process Outsourcing: Are They Ethical, How to Keep Them That Way, and Do They Work?" Mealey's Litigation Conferences (Webinar, May 2009)

# SNR DENTON

- "When the Client Says 'Go' and the Rules Say 'No,'" Law Seminars International (Chicago, April 2009)
- "Spoiler Alert," 22nd Annual Media and the Law Conference (Kansas City, April 2009)
- "A Master Class in Ethics for Inside and Outside Counsel," VIP Global Net (Chicago, March 2009)
- "Hard Questions and Working Answers," Aon Large Law Firm Symposium (Chicago, October 2008)
- "Master Class: Ethics CLE for In-House Counsel," SNR Seminar (Chicago, October 2008)
- "Professional Responsibilities: Ethics for Inside Counsel," SNR Seminar (St. Louis, June 2008)
- "Ethics for Illinois Lawyers: Special Issues for Litigation Lawyers," Law Seminars Int'l (Chicago, June 2008)
- "Risky Business: Why Good Firms Get Sued," Ark Group (Chicago, October 2007)
- "Turning Defiant Franchisees into Compliant Franchisees," International Franchise Association 40th Annual Legal Symposium (DC, May 2007)
- "High-Tech v. No-Tech Risk Management: The Intersection of Technology and Culture," Ark Group (Chicago, April 2007)

## Publications

- "Spoiler Alert: 50 years of Movie-Lawyer Ethics," Pennsylvania Bar Institute's 17th Annual Health Law Institute (March 15-16, 2011)
- Co-author: "The Lawyer's Role in Advising Franchisors: When Is Too Much Too Much?" International Franchise Association's 42nd Annual Legal Symposium (May 17-19, 2009)
- Co-author: "Turning Defiant Franchisees Into Compliant Franchisees," International Franchise Association's 40th Annual Legal Symposium (May 6-8, 2007)
- Contributing author: *Making Partner: A Guide for Law Firm Associates* (ABA 3d ed., 2006)
- Co-author: "Waive Farewell to Uncertainty: EchoStar Clarifies Scope of Waiver in Advice-of-Counsel Defense," *The Computer and Internet Lawyer* ( Vol. 23, No. 9, Sept. 2006)
- *Doing Business in the United States: Illinois*. Practical Law Company, Cross-Border Handbooks, Doing Business In.... Handbook (11th ed. 2006)
- "The Bulletproof Operations Manual," *Franchising World* 36 (May/June 2003)
- "Peril of the E-Mail Trail," *National Law Journal*, Jan. 16, 1995, at C1; "Mandatory Disclosure," 80 *ABA Journal* 85 (Feb. 1994)
- "Better Late Than Never? Timing, ADR, and Litigation Costs," 9 *Court Manager* 16 (1994)
- "From Hide-and-Seek to Show-and-Tell: Evidentiary Disclosure Rules," 17 *American Journal of Trial Advocacy* 497 (1993)
- "*Idaho v. Wright*: The Defenestration of Corroborating Evidence," 46 *U. Miami Law Review* 205 (1991)

## Education

- University of Miami, J.D., *cum laude*, Order of the Coif, 1992
- Senior Articles Editor, *University of Miami Law Review*
- Vanderbilt University, B.A., 1989

## Bar Admissions / Qualifications

- Illinois
- Florida
- U.S. Supreme Court
- U.S. Courts of Appeals for the Second, Third, Fifth, Sixth, Seventh, and Eleventh Circuits
- U.S. District Courts for the N.D. of Illinois, E.D. of Michigan, and E.D. of Wisconsin