NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SYNCHRONOSS TECHNOLOGIES, INC.,** | : : : | |
| **Plaintiff,** | : : : | **Civil Action No. 11-5811 (FLW)** |
| **v.** | : : | **MEMORANDUM OPINION** |
| | : : | **APPLIES TO ALL ACTIONS** |
| **ASURION MOBILE APPLICATIONS, INC.,** | : : : | |
| **Defendant.** | : : : | |
| **SYNCHRONOSS TECHNOLOGIES, INC.,** | : : : | |
| **Plaintiff,** | : : : | **Civil Action No. 11-6713 (PGS)** |
| **v.** | : : | |
| **ONMOBILE GLOBAL LIMITED, et al.,** | : : : | |
| **Defendants.** | : : : | |

**BONGIOVANNI, Magistrate Judge**

Presently before the Court in these patent infringement actions are Defendants Asurion

Mobile Application, Inc. ("Asurion"), Onmobile Glocal Limited, Onmobile USA LLC and

Voxmobili S.A.s' ("Onmobile") (collectively, "Defendants") motions to stay this matter pending

*inter partes* reexamination by the United States Patent and Trademark Office ("PTO") of U.S.

Patent Nos. 6,671,757 (the "'575 patent"); 7,505,762 (the "'762 patent"); 7,587,446 (the "'446

patent"); and 7,643,824 (the "'824 patent")[1] [Docket Entry No. 44 to 11-5811 and Docket Entry

---

1 The '575 and '762 patents are being asserted against both Defendants.   The '446 patent is asserted against Asurion

No. 31 to 11-6713].   Plaintiff Synchronoss Technologies, Inc. ("Plaintiff") opposes Defendants'

motions. [Docket Entry No. 47 to 11-5811 and Docket Entry No. 35 to 11-6713].   The Court

considers Defendants' motions without oral argument pursuant to FED.R.CIV.P. 78.   For the

reasons set forth more fully below, Defendants' motions are GRANTED and these civil actions

shall be stayed pending the PTO's reexamination of the asserted patents.

## I.    BACKGROUND

In 2011, Plaintiff filed three actions in this District alleging patent infringement, two of

which are at issue here.   The third action was brought against NewBay Software Ltd. and

NewBay Software, Inc. ("NewBay").   On September 14, 2012 NewBay filed requests with the

PTO for *inter partes* reexamination of various claims of the four patents listed above.   By

December 2012, the PTO had granted the request to reexamine the patents and had issued office

actions rejecting all of the claims subject to reexamination.   In late December, indeed, on the

same day the instant motions were filed, a stipulation of dismissal was entered as to NewBay, as

Plaintiff and NewBay reached an agreement whereby NewBay would be acquired by Plaintiff.

The remaining Defendants now move to stay the proceedings pending the reexamination of the

asserted patents.

## II.    ARGUMENTS

### A.  Defendants' Argument

#### a.   *Liberal Policy of Granting Stays Pending Reexamination*

Both Defendants' briefs begin with the argument that, in this District, stays pending

reexamination are liberally granted.   Defendants note that "almost every reported New Jersey

District Court opinion that has considered the issue has granted a stay where reexamination was

---

only and the '824 patent is asserted against Onmobile only.

pending. *Asurion's Brief in Support,* Docket Entry No. 44-1, \*9; *Onmobile's Brief in Support,* Docket Entry No. 31-1, \*9.   Defendants also argue that in balancing the costs and benefits associated with staying litigation, that a stay is favored in the reexamination context. *Id.*

### b.   *Relevant Factors*

Defendants argue that all three relevant factors to be considered in deciding a motion to stay favor granting a stay in this context.

#### i.   Prejudice/Tactical Advantage

Defendants begin by noting the finding that the inherent delay in staying the proceedings is not enough to constitute undue prejudice. *Asurion,* at \*14, *Onmobile,* at \*11.   Indeed, both briefs note that the PTO is obligated to conduct reexaminations with "special dispatch" pursuant to 35 U.S.C. § 314. *Id.*   Both Defendants argue that a stay is unlikely to cause prejudice where the parties have not "invested substantial expense and time in the litigation." *Id.*   Furthermore, in the event that Plaintiff prevails on the merits, Defendants argue that a stay would not deprive Plaintiff of a remedy at law because Plaintiff could collect money damages. *Asurion,* at \*15, *Onmobile,* at \*12.   Defendants additionally argue that Plaintiff cannot claim undue delay from the imposition of a stay where Plaintiff delayed to bring an action on patents that have been in effect for years. *Id., Onmobile,* at \*13.   Both briefs also argue that Plaintiff is willing to license its patents and cite to a prior settlement that Plaintiff had with a third party. *Id.*   Lastly, Defendants argue that they gain no tactical advantage from the imposition of a stay.   Indeed, Defendants note that it was NewBay who filed the requests for reexamination and cite case law which held that a "motion to stay did not evince a purposeful, tactical delay, especially since a third party filed the reexamination request". *Asurion,* at \*16, *Onmobile,* at \*14, quoting *Brass Smith v. RPI Indus., Inc.,* No. 09-06344-NLH-JS,

2010 WL 4444717 (D.N.J. Nov. 1, 2010).   Therefore, Defendants argue that no prejudice exists

for Plaintiff and no tactical advantage flows to Defendants from the imposition of a stay.

### ii.  Simplification of Issues

Both briefs argue that the issues will be simplified or eliminated for trial.   Defendants

argue that even if the need for trial is not eliminated, the issue can still be streamlined upon

resolution of the reexamination process.   Defendants note that the PTO has already initially

rejected the claims subject to reexamination and argue that even claims which survive are often

amended. *Asurion* at *10, *Onmobile* at *14.   Moreover, Defendants argue that even if

reexamination fails to invalidate or lead to the amendment of claims, the PTO's analysis alone can

be valuable to the Court in moving forward when litigation resumes. *Asurion* at *11, *Onmobile* at

*15.   Defendants contend that the PTO's analysis can affect claim construction and the issue of

infringement and can prevent the Court and the parties from expending resources unnecessarily on

those issues.

### iii.  Stage of Litigation

Lastly, each Defendant argues that its case is in an early stage of litigation which is

appropriate for the imposition of a stay.   Both briefs argue that the actions are in their infancy,

"where discovery is substantially incomplete and a trial date has not been set." *Asurion,* at *12,

*Onmobile,* at *17.

In particular, Asurion notes that "[o]nly preliminary written discovery requests have been

served.   No scheduling order sets deadlines.   No depositions have even been noticed.   The claim

terms remain unconstrued even to the point that [Plaintiff] has not even disclosed which claims it is

asserting against [Asurion]." *Asurion,* at *13.   Therefore, Asurion argues that this is the perfect

time to impose a stay.

Likewise, Onmobile argues that discovery has only just begun, with about 500 documents having been produced. *Onmobile,* at *17.   Furthermore, Onmobile states that "claim construction exchanges have not occurred, and *Markman* briefing does not begin until the end of June 2013. The parties have also taken no depositions and no trial date has been set." *Id.* at *17-18. Consequently, Onmobile argues that this is the perfect time to impose a stay.

**B.  Plaintiff's Argument**

    **a.  *Heavy Burden to Justify a Stay***

Plaintiff begins by stating that, although the Court has the inherent power to stay litigation, a stay is the exception and not the rule. *Plaintiff's Brief in Opposition to Asurion's Motion to Stay,* ("Plaintiff I") Docket Entry No. 47, *6; *Plaintiff's Brief in Opposition to Onmobile's Motion to Stay,*("Plaintiff II") Docket Entry No. 35, *10.   Moreover, Plaintiff argues that the proponent of a stay must show "a clear case of hardship or inequity" if there is a fair possibility that the stay will work damage to someone else. *Plaintiff I,* at *7, *Plaintiff II,* at *10.   Both briefs argue that Defendants have failed to meet their burden that a stay is necessary, let alone warranted.

    **b.  *Relevant Factors***

Plaintiff argues that the three relevant factors all fall in favor of denying the motion to stay.

      i.  <u>Prejudice/Tactical Advantage</u>

Plaintiff argues that it would be harmed in the marketplace by the imposition of a stay. Plaintiff claims that early customer acquisition is crucial because customers are unlikely to switch platforms once they have committed to a particular provider. *Plaintiff I,* at *13-14, *Plaintiff II,* at *17.   Plaintiff argues that Defendants are direct competitors of it and that during a stay, Defendants would be free to market and sell their allegedly infringing products, as well as give the

impression that Defendants have developed the allegedly infringing technology. *Plaintiff I,* at \*14, *Id.*

In the *Asurion* matter, Plaintiff claims that "two of the patents will likely expire before the reexamination is completed" and that therefore, Plaintiff will be deprived of the exclusivity of those patents. *Plaintiff I,* at \*15.   Plaintiff further argues that it did not delay in bringing the instant actions, because its predecessor, Fusion One, actually created the patents and Plaintiff did not acquire them until 2010. *Id.* at \*16.   Lastly, Plaintiff argues that it would not be fully compensated by monetary damages because there would be a significant difference in pre-verdict and post-verdict royalty rates. *Id.* at \*18.   Therefore, if the Court is inclined to impose a stay, Plaintiff requests that the Court order that the delay period caused by the stay be assessed at a post-verdict rate, rather than a pre-verdict one. *Id.* at \*20.

In the *Onmobile* case, Plaintiff argues that it would be unduly prejudiced by a "substantial risk of evidence spoliation and faded witness memories" if a stay were imposed. *Plaintiff II,* at \*18.   Plaintiff contends that a lengthy delay will result in the risk of lost evidence over time. *Id.* Plaintiff further argues that Onmobile would gain a tactical advantage by being allowed to capitalize on a reexamination filed by a third party. *Id.*

## ii.   Simplification of Issues

Plaintiff argues that the issues will not be simplified to the extent which would justify a stay.   In both cases, Plaintiff argues that only a percentage of the claims at issue are in fact under reexamination – 12% in *Asurion*, 37% in *Onmobile*. *Plaintiff I,* at \*12, *Plaintiff II,* at \*12. Additionally, Plaintiff points out that neither Defendant is bound by the results of the reexamination because neither is a party to the reexamination. *Plaintiff I,* at \*11, *Plaintiff II,* at \*14.   Plaintiff notes that the rejection of any claims by the PTO will be held against Plaintiff, but

should the PTO uphold the validity of the claims, such determination is open to challenge by either Defendant.   Furthermore, Plaintiff notes that neither Defendant has offered to be bound by the PTO's determination. *Plaintiff I,* at *12, *Id*.

### iii.   Stage of Litigation

In *Asurion,* Plaintiff does not directly argue that the stage of litigation is inappropriate, but rather argues that the infinite duration of the stay weighs against granting the motion. *Plaintiff I,* at *8.   Through the use of PTO-published statistics, Plaintiff posits that a stay could likely last 5-6 years, including an appeal by either party. *Id.*   Plaintiff contends that such an indefinite delay would be inappropriate and has been disapproved by the appellate courts. *Id.* at *9.[2]

In *Onmobile,* Plaintiff argues that it has spent "significant time and resources conducting its pre-filing investigations in this matter." *Plaintiff II,* at *15.   Further, Plaintiff notes that an Initial Conference was held before the Court with a scheduling order being issued. *Id.*   Plaintiff also notes that the parties have "conducted a mediation before the Magistrate, exchanged initial disclosures, interrogatories, and document requests." *Id.*   For these reasons, Plaintiff contends that the stage of litigation is inappropriate for the imposition of a stay.

## III.   Analysis

### a.  *Stays Generally*

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."   *Landis v. North Am. Co.*, 299 U.S. 248,

---

2 Citing *Landis v. North American Co*., 299 U.S. 258 (1936) (finding a 2-3 year stay improper and excessive); *In re Beebe*, 565 F.3d 1384 (5th Cir. 1995) (two and a half year stay excessive); *American Mfrs. Mut. Ins. Co. v. Edward Stone, Jr. and Assoc.,* 743 F.2d 1519, 1524 (11th Cir. 1984) (18 month stay excessive); *Hines v. D'Atrois,* 531 F.2d 726, 733 (5th Cir. 1976) (stay improper where at least 18 months, possibly 5 years).

254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).   As such, the decision to stay a patent case in which the

PTO has granted a request to reexamine the patent-in-suit rests within the sound discretion of the

district court.   *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (noting that

"[c]ourts have inherent power to manage their dockets and stay proceedings, including the

authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted).

Staying a matter pending a reexamination by the PTO comes with both costs and benefits.

Advantages include:

> (1) a review of all prior art presented to a court by the PTO, with its
> particular expertise; (2) the potential alleviation of numerous
> discovery problems relating to prior art by PTO examination; (3) the
> potential dismissal of a civil action should invalidity of a patent by
> found by the PTO; (4) encouragement to settle based upon the
> outcome of the PTO reexamination; (5) an admissible record at trial
> from the PTO proceedings which would reduce the complexity and
> length of the litigation; (6) a reduction of issues, defenses and
> evidence during pre-trial conferences; and (7) a reduction of costs
> for the parties and a court.

*Eberle v. Harris*, Civil Action No. 03-5809 (SRC), 2005 WL 6192865, *2 (D.N.J. Dec. 8, 2005)

(citing *GPAC, Inc. v. D.W.W. Enterprises, Inc.*, 144 F.R.D. 60, 63 (D.N.J. 1992)).   There are, of

course, also disadvantages to the imposition of a stay.   For example, "a stay in litigation inevitably

causes further delay in an already lengthy process and could potentially harm [the party opposing

the stay]. [The opposing party] ha[s] a right to have their day in court, and more and more in

American jurisprudence the goal is to have that day sooner rather than later."   *Id*.   Nevertheless,

while courts balance the costs and benefits associated with staying a matter pending reexamination

of a patent by the PTO, "courts have noted that granting a stay pending reexamination is favored."

*ICI Uniqema, Inc. v. Kobo Products, Inc.*, Civil Action No. 06-2943 (JAP), 2009 WL 4034829, *1

(D.N.J. Nov. 20, 2009).

The Court finds that stays pending reexamination are freely given in this District, as "almost every reported New Jersey District Court opinion that has considered the issue has granted a stay where a reexamination request was pending." *See Asurion,* at *9.   Although Plaintiff correctly notes that the proponent of a stay must demonstrate a clear case of hardship of inequity, in the context of patent cases however, courts have "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent". *LMT Mercer Group, Inc. v. McFarland Cascade Holdings, Inc.,* 2011 U.S. Dist. LEXIS 55553 (D.N.J. May 24, 2011), citing *P&G v. Kraft Foods Global, Inc.,* 549 F.3d 842, 849 (Fed. Cir. 2008).   Indeed, "[t]he stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation." *See Onmobile's Brief in Reply ("Onmobile Reply")* Docket Entry No. 39 in 11-6713, at *5, quoting *Patlax Corp. v. Mossinghoff,* 758 F.2d 594, 606, aff'd on reh'g, 771 F.2d 480 (Fed. Cir. 1985).

### b.  *Relevant Factors*

In determining whether to stay a matter pending reexamination by the PTO, courts have developed a three-part test.   Under this test, courts consider "'(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *Stryker Trauma S.A. v. Synthes (USA)*, Civil Action No. 01-3879 (JLL), 2008 WL 877848, *1 (D.N.J. March 28, 2008) (quoting *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999)).   As set forth below, upon consideration of these factors, the Court finds that Defendants' motions for a stay should be granted.

### i.   Prejudice/Tactical Advantage

The Court is unpersuaded that the entry of a stay in this matter will unduly prejudice

Plaintiff or place Defendants at a clear tactical advantage in this litigation.   First, the Court notes

that the delay inherent in the reexamination process is itself insufficient to establish undue

prejudice.   *Oy Ajat, Ltd. v. Vatech Am., Inc.*, Civil Action NO. 10-4875 (PGS), 2012 WL

1067900, *21 (D.N.J. March 29, 2012); *Brass Smith, LLC v. RPI Indus., Inc.*, Civil No. 09-6344

(NLH/JS), 2010 WL 4444717, *4 (D.N.J. Nov. 1, 2010); *ICI Uniqema*, 2009 WL 4034829, at *2.

Second, Defendants were not the ones who initially requested reexamination of the asserted

patents.   Plaintiff has cited no case law, and the Court has not found any which precludes or

admonishes Defendants from capitalizing on New Bay's reexamination request.   Moreover, the

Court finds that Defendants acted timely, by filing shortly after an initial determination was made

by the PTO.   Third, the Court finds Plaintiff's argument that there is a risk of lost evidence to be

without merit.   As Onmobile notes in its reply brief, Plaintiff's contention is merely speculative

and is unsupported. *Onmobile Reply,* at *14.   Lastly, the fact that the parties are direct competitors

in the marketplace does not necessarily translate to undue prejudice for Plaintiff.

ii.   <u>Simplification of Issues</u>

The Court finds that a stay will likely simplify the issues in dispute and the trial of this

matter.   Each challenged claim of the reexamined patents has been rejected.   Contrary to

Plaintiff's argument, there is no requirement that a reexamination resolve *all* the issues or even

most of the issues in a case. *See Plaintiff II,* at *12.   Moreover, even though reexamination only

addresses a percentage of the claims of the asserted patents, the Court finds that the analysis

provided by the PTO in construing those claims will provide valuable guidance to the Court

moving forward.

While it is true that Defendants are not bound by any decision of the PTO, the Court is

unwilling to find that a stay is inappropriate in a situation where the movant is not a party to the

10

reexamination.   As stated before, a party is not precluded from taking advantage of another's request for a reexamination. Furthermore, Onmobile cites to case law which has rejected similar estoppel arguments.   *See Wireless Recognition Tech. v. A9.com, Inc.,* 2012 U.S. Dist. LEXIS 130159 (N.D.Ca. Sept. 11, 2012).   Consequently, the Court finds that this factor weighs in favor of granting a stay.

iii.   <u>Stage of Litigation</u>

The Court finds the stage of litigation in these matters favors granting a stay.   Although it seems that the Onmobile case is a bit further into discovery than Asurion, the Court still finds the stages of each case to be early enough that a stay would not prejudice the parties.   Further, the Court finds Plaintiff's argument that it expended substantial time in "pre-litigation effort" to be irrelevant.   Theoretically, the stage of litigation factor takes into account only that which has been done in litigation and does not consider any pre-litigation efforts.

## III.   Conclusion

For the reasons state above, having weighed the three factors delineated above and having balanced the costs and benefits associated with staying this matter, the Court finds that a stay pending the PTO's *inter pares* reexamination of the '575, '762, '446 and '824 patents is warranted. In addition, the Court is declining to apply post-judgment interest as requested by Plaintiff.   As a result, Defendants' motions are GRANTED.   An appropriate order follows.


Dated:  March 22, 2013

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
